UNITED STATES of America,
Plaintiff–Appellee,

v.

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, CHAUFFEURS, WARE-
HOUSEMEN AND HELPERS OF
AMERICA, AFL–CIO et al., Defen-
dants.

Appeal of INTERNATIONAL BROTHER-
HOOD OF TEAMSTERS, CHAUF-
FERS, WAREHOUSEMEN AND
HELPERS OF AMERICA, AFL–CIO,
Defendant.

Appeal of HIGHWAY & LOCAL MOTOR
FREIGHT DRIVERS, DOCKMEN AND
HELPERS, LOCAL UNION 707, et al.

Nos. 1348, 1462, 1463, 1464, 1465, 1466,
1467, 1468, 1469, 1470, 1471, 1472, 1473,
1474, 1475, 1476, 1480, 1481, 1565, 1569,
1570, 1571, 1572, 1573, 1578, 1590, 1591,
1592, 1593, 1594, 1602, 1603, 1604, 1605,
1606, 1619, 1629, 1630, 1631 and 1802,
Dockets 90–6038, 6046, 6048, 6056, 6058,
6060, 6064, 6066, 6068, 6070, 6074, 6076,
6078, 6080, 6082, 6084, 6086, 6088, 6090,
6094, 6096, 6098, 6100, 6102, 6106, 6108,
6110, 6112, 6114, 6116, 6118, 6120, 6122,
6124, 6126, 6128, 6130, 6132, 6134 and
6140.

United States Court of Appeals,
Second Circuit.

Argued June 11, 1990.

Decided June 27, 1990.

James T. Grady, Gen. Counsel, Interna-
tional Broth. of Teamsters, Chauffeurs,
Warehousemen and Helpers of America,
AFL–CIO, Washington, D.C. (Mudge Rose
Guthrie Alexander & Ferdon, New York
City, of counsel), for defendant-appellant.

Duane B. Beeson, San Francisco, Cal.
(Beeson, Tayer, Silbert, Bodine & Living-
ston, San Francisco, Cal., Gerry M. Miller,
Fred Perillo, Previant, Goldberg, Uelmen,
Gratz, Miller & Brueggeman, Milwaukee,
Wis., Kenneth K. Fisher, Freddy R. Wied-

mann, Fisher & Fisher, Brooklyn, New York City, of counsel), for appellant Affiliates.

John R. Climaco, Cleveland, Ohio (Wendell Shepherd, Roy Barnes, P.C., New York City, Paul S. Lefkowitz, Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., Cleveland, Ohio, of counsel), for appellants Beer, Beverage and Wine Industry Salesmen, Workers, Drivers, Helpers and Warehousemen, Funeral and Livery Chauffeurs and Helpers, Funeral Home Employees, Floral and Special Services Drivers, Helpers, Workers and All Auto. Salesmen, Cuyahoga County and Vicinity Ohio, Union Local 293; Truck Drivers Union Local 348; Excavating, Building Material, Construction Drivers, Race Track Employees, Lake, Geauga Counties and Vicinity, Ohio, Local 436; Ice, Coal, Miscellaneous Scrap Metal, Auto Wrecking and Smelting Drivers and Workers, Cuyahoga, Lake and Geauga Counties, Ohio, Local 422; and Union Local 473, Newspapers and Magazine Delivery Drivers, Chauffeurs and Handlers.

Barry Ivan Slotnick, New York City (Robert L. Tucker, Louis H. Benjamin, Slotnick & Baker, New York City, of counsel), for appellants Teamsters Union Locals 813 and 1034.

Eugene S. Friedman, New York City (Jay P. Levy–Warren, Michael Barrett, Bruce S. Levine, Friedman & Levy–Warren, New York City, of counsel), for appellants Building Material Teamsters Local 282 and Highway & Local Motor Freight Drivers, Dockmen & Helpers, Union Local 707.

Caesar C. Guazzo, New York City (Mark C. Rushfield, Delia M. Guazzo, Guazzo, Perelson, Rushfield & Guazzo, New York City, of counsel), for appellants Joint Council 73; Merchandise Drivers Union Local 641; Teamsters Union Local 522; Teamsters Union Local 177; New Jersey Mailers Local 1100; Bakery Drivers and Salesmen, Local 194; Teamsters Union Locals 478, 408, 863, 11, 418, 462; Truck Drivers, Warehousemen, Frozen Foods, Allied Industries of Northern New Jersey, Union Local 617; Milk Drivers and Dairy Employees, Union Local 680; Highway and Local Motor Freight Drivers, Dockmen and Helpers, Union Local 701; Union Local 945, IBT; Teamsters Union Local 125; Beer Drivers, Helpers, Loaders, Unloaders, etc. Local 153; Teamsters Union Local 30; Joint Council 53 and its affiliated local unions; and the Pennsylvania Conference of Teamsters.

Gerard J. Sweeney, Sweeney, Gallo & Reich, Sunnyside, N.Y., of counsel, for appellant Union Local 803.

Franklin K. Moss, Spivack, Lipton, Watanabe & Spivack, New York City, of counsel, for appellants Joint Councils 7, 37, 38, 39, 43 and 65; Union Locals 23, 43, 75, 200, 344, 662, 579, 695, 563, 1081, 15, 70, 78, 85, 94, 137, 150, 216, 226, 228, 278, 287, 291, 296, 302, 315, 350, 386, 431, 432, 439, 484, 490, 517, 533, 550, 507, 576, 588, 601, 616, 624, 665, 679, 746, 748, 849, 853, 857, 860, 890, 912, 542, 57, 58, 81, 162, 206, 223, 281, 305, 324, 962, 24, 40, 52, 92, 100, 105, 114, 400, 407, 428, 450, 571, 637, 654, 661, 908, 957, 964, 1199, 1717, 7, 51, 124, 164, 214, 243, 247, 283, 299, 328, 332, 337, 339, 372, 406, 486, 580, 614, 1038, 1620 and 2040.

Ira A. Sturm, Manning, Raab, Dealy & Sturm, New York City, of counsel, for appellant Union Local 210.

Michael B. Standard, Rabinowitz, Boudin, Standard, Krinsky & Lieberman, New York City, of counsel, for appellant Union Local 840.

D. Gayle Loftis, Chasan, Leyner, Tarrant, Loftis & Lamparello, Jersey City, N.J., of counsel, for appellant Merchandise Drivers Union Local 641.

Gerald Richman, Shapiro, Shiff, Beilly, Rosenberg & Fox, New York City, of counsel, for appellant Union Locals 202 and 812.

Ira Drogin, New York City, of counsel, for appellant Union Local 295.

Harvey S. Mars, Law Offices of Thomas Gleason, New York City, of counsel, for appellants Joint Councils 9 and 55 and Union Locals 28, 33, 61, 67, 71, 86, 246, 391, 509, 639, 730, 922 and 1714.

Carmena B. Schwecke, Iannuzzi and Iannuzzi, New York City, of counsel, for appellant Union Local 27.

David Grossman, Schneider, Cohen, Solomon, Leder & Montalbano, Cranford, N.J., of counsel, for appellant Teamsters, Chauffeurs, Warehousemen and Helpers, Union Local 560.

Gerard F. Daley, Grady & Dwyer, Boston, Mass., of counsel, for appellants Joint Council 10 and Union Locals 1, 25, 42, 49, 55, 59, 64, 82, 122, 127, 157, 170, 259, 340, 379, 380, 404, 437, 494, 496, 504, 526, 597, 633, 653, 686, 829 and 841.

Andrew S. Fisher, Sidney L. Meyer, Jane Simkin Smith, Fisher & Fisher, Brooklyn, N.Y., of counsel, for appellant Union Local 810.

Daniel Engelstein, Vladeck, Waldman, Elias & Engelhard, New York City, of counsel, for appellants Union Locals 19, 997, 657, 577, 745, 988, 516, 373, 182, 858, 687 and 72 and Joint Councils 16, 18 and 80.

Patrick J. Calihan, Chicago, Ill., of counsel, for appellant Union Local 727.

Susan Martin, Sipser, Weinstock, Harper & Dorn, New York City, of counsel, for appellants Union Locals 191, 443, 493, 1150, 63, 87, 166, 186, 208, 389, 399, 495, 598, 630, 692, 848, 896, 911, and Joint Council 64.

Edward M. Shaw, Stillman, Friedman & Shaw, New York City, of counsel, for appellants Union Locals 727, 142, 703, 710, 738, 744.

J. Warren Mangan, O'Conner & Mangan, Long Island City, N.Y., of counsel, for appellant Union Local 807.

Richard W. Mark, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty., S.D. New York, Edward T. Ferguson, III, Asst. U.S. Atty., New York City, of counsel), for plaintiff-appellee.

Laurence Gold, Walter Kamiat, Washington, D.C., for amicus curiae American Federation of Labor and Congress of Industrial Organizations.

Before MESKILL, WINTER and PRATT, Circuit Judges.

WINTER, Circuit Judge:

These appeals challenge Judge Edelstein's order enjoining all members and affiliates of the International Brotherhood of Teamsters ("IBT") from litigating issues related to a Consent Decree between the IBT and the government in any court other than the Southern District of New York. We affirm the injunction as a valid exercise of the district court's authority under the All Writs Act, 28 U.S.C. § 1651 (1988), to issue orders "in aid of [its] jurisdiction[ ]." *Id.* at § 1651(a).

In June 1988, the government filed this civil action in the Southern District against the IBT and its General Executive Board under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964 (1988). On March 14, 1989, Judge Edelstein entered a Consent Decree embodying a settlement agreement between the parties to the suit. The details of that Consent Decree are described in *United States v. International Bhd. of Teamsters*, 905 F.2d 610, 612–13 (2d Cir.1990), familiarity with which is assumed.

After the Consent Decree was entered, various members and local affiliates of the IBT began litigation in other district courts challenging the actions of the officers appointed by Judge Edelstein under the Consent Decree. On December 15, 1989, in response to that litigation and the threat of similar actions being brought in other districts, Judge Edelstein issued a temporary restraining order enjoining all members and affiliates of the IBT from "filing or taking any legal action that challenges, impedes, seeks review of or relief from, or seeks to prevent or delay any act of [the court-appointed officers] in any court or forum in any jurisdiction except this Court." *United States v. International Bhd. of Teamsters*, 726 F.Supp. 943 (S.D.N.Y.1989). On January 17, 1990, Judge Edelstein converted the restraining order into a permanent injunction pursuant to the All Writs Act, *see United States v. International Bhd. of Teamsters*, 728 F.Supp. 1032 (S.D.N.Y.1990), from which the present appeals were taken. Appellants include the IBT and various local unions, joint councils, and area conferences affiliated with the IBT.

Large portions of the extensive papers filed in this appeal are devoted to the issue

of whether local affiliates are "bound" by the Consent Decree. Appellants thus argue that various purported amendments to the IBT Constitution embodied in the Consent Decree and actions taken by the court-appointed officers with regard to affiliates are invalid. These issues are not before us, however. The coercive portion of the January 17 injunction merely channels all litigation by affiliates relating to the Consent Decree into the federal court that has jurisdiction over implementation of the Decree. The injunction does not purport to resolve challenges to the authority of the court-appointed officers or to purported amendments to the IBT Constitution. It resolves no question concerning the meaning or effect of the Consent Decree but simply determines that those issues must be litigated in the Southern District of New York.

It is true that a "Whereas" clause of the injunction states that affiliates are "bound" by the Consent Decree. However, as the district court's opinion demonstrates, see 728 F.Supp. at 1048–57, that clause merely reflects one rationale for the order and is not part of the order's coercive mandate. Because we uphold the order as a necessary means of protecting the district court's jurisdiction over implementation of the Consent Decree, we need not address the extent of the Decree's binding effect on non-parties, an issue best resolved in the context of concrete disputes adjudicated by the district court. See United States v. International Bhd. of Teamsters, 905 F.2d 610, 622 (2d Cir.1990) (non-party local IBT officer "bound by the terms of the disciplinary mechanism set in place by the Consent Decree").

The Supreme Court has stated that the All Writs Act empowers courts to issue extraordinary writs "as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued." United States v. New York Tel., 434 U.S. 159, 172, 98 S.Ct. 364, 372, 54 L.Ed.2d 376 (1977). Although the writ need not be " 'necessary' in the sense that the court could not otherwise physically discharge its ... duties," Adams v. United States ex rel. McCann, 317 U.S. 269, 273, 63 S.Ct. 236, 239, 87 L.Ed. 268 (1942), it should not be used simply to avoid the inconvenience of following statutory procedures that govern the particular circumstances. See Pennsylvania Bureau of Correction v. United States Marshals Serv., 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985). Where an alternative procedure is available, however, "exceptional circumstances" which "show clearly the inadequacy" of that alternative procedure may still justify issuing the writ. See id.

■ The district court acted well within its authority under the All Writs Act in issuing the injunction. The district court found that collateral lawsuits filed by IBT affiliates in Chicago, Cleveland, and New Jersey created a "significant risk of subjecting the Consent Decree to inconsistent interpretations and the Court Officers to inconsistent judgments." 728 F.Supp. at 1047. The court further found that because the Consent Decree is of three years' duration, it is necessary to avoid repetitive and burdensome litigation lest the government and the court-appointed officers be diverted from implementing the Decree by the need to respond to endless legal actions. Finally, it found that consolidating all litigation relating to the Consent Decree in one forum would promote judicial economy. See id. at 1047–48. These findings establish a need for the injunction to protect the district court's jurisdiction over the parties to the Consent Decree quite apart from any binding effect that the Decree may have on affiliates. The findings are thus sufficient to establish the special circumstances that justify issuance of an extraordinary writ under the All Writs Act.

In Yonkers Racing Corp. v. City of Yonkers, 858 F.2d 855 (2d Cir.1988), cert. denied, —— U.S. ——, 109 S.Ct. 1527, 103 L.Ed.2d 833 (1989), pursuant to a consent decree entered in the Southern District, the City of Yonkers initiated condemnation proceedings in state court against certain property owners. In response, those property owners instituted a separate state court action to invalidate proposed condemnations. The federal district court ordered

the City to remove the state invalidation proceedings to the Southern District. *See id.* at 860–61. We affirmed the district court's order under the All Writs Act, because there was a significant risk of inconsistent judgments with respect to that consent decree. *See id.* at 863–65. Appellants make much of our observation in *Yonkers,* in upholding the district court's removal order, that the City might not vigorously defend the condemnation action. *See id.* at 865. While this apprehension was one of the factors that supported the finding of exceptional circumstances, we emphasized at length the danger of inconsistent judgments concerning the consent decree. *See id.* at 863–65. We believe it self-evident that this danger, which is present in the instant case, is by itself sufficient to justify use of the writ.

Moreover, in *In re Baldwin–United Corp.,* 770 F.2d 328 (2d Cir.1985), an action involving multi-district securities litigation, we upheld an injunction prohibiting states from filing civil actions against the defendants. We held that the injunction was necessary to protect a settlement agreement in which the plaintiffs had waived all state law claims and to ensure that states would not assert derivatively those same claims. *See id.* at 336–37. We stated that the injunction was justified because "the district court had before it a class action proceeding so far advanced that it was the virtual equivalent of a res over which the district judge required full control." *Id.* at 337. The rationale of *Baldwin–United* is thus that a district judge can legitimately assert comprehensive control over complex litigation. Similar circumstances exist in the instant matter. The injunction before us serves to "effectuate and prevent the frustration of" the Consent Decree by consolidating nationwide litigation relating to its meaning and effect. *New York Tel.,* 434 U.S. at 172, 98 S.Ct. at 372.

Appellants argue that motions for change of venue under 28 U.S.C. § 1404(a) (1988) are an alternative statutory procedure to determine the venue for such litigation. That is of course true. Nevertheless, the district court was within its discretion in considering litigation involving the Consent Decree brought elsewhere to be wasteful to all parties, burdensome upon the courts, and harassing to the government. Such litigation entails filings in inappropriate courts that can be transferred only after a formal motion has been made. Requiring such proceedings furthers no valid purpose. Motions under Section 1404(a) are thus an inadequate alternative to the injunction issued by the district court. *See Pennsylvania Bureau of Correction,* 474 U.S. at 43, 106 S.Ct. at 361.

 Finally, appellants argue that the district court could not enjoin non-New York affiliates because it lacked personal jurisdiction over them. This argument is also without merit. Injunctions may be issued against non-parties under the All Writs Act. *See New York Tel.,* 434 U.S. at 174, 98 S.Ct. at 373; *Baldwin–United,* 770 F.2d at 338. We believe that the All Writs Act requires no more than that the persons enjoined have the "minimum contacts" that are constitutionally required under due process. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Appellants correctly note that the Act does not enlarge the jurisdiction of the federal courts. However, all we hold is that if jurisdiction over the subject matter of and the parties to litigation is properly acquired, the All Writs Act authorizes a federal court to protect that jurisdiction even though non-parties may be subject to the terms of the injunction.

The order of the district court is therefore affirmed.