Joann **MONGELLI**, Plaintiff,

v.

Robert A. **MONGELLI**, Defendant,

and

**United States of America, Intervenor.**

No. 94 Civ. 0366 (JFK).

United States District Court,
S.D. New York.

March 30, 1994.

Law Offices of Kenneth D. Kemper, New York City (Kenneth Kemper, Diana B. Gittelman, of counsel), for plaintiff.

Milner & Daniel, New York City (Michael Milner, Emily R. Daniel, Michelle R. O'Shea, of counsel), for defendant.

Mary Jo White, U.S. Atty. for the S.D.N.Y., New York City (Kathleen A. Zebrowski, Asst. U.S. Atty., of counsel), for intervenor.

### OPINION AND ORDER

KEENAN, District Judge:

Before this Court is defendant's motion to remand this action back to Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1447(c), for lack of jurisdiction in this Court. Also before the Court is defendant's application for a direction from this Court to the intervenor United States of America, directing the intervenor to pay for defendant's costs related to the removal, pursuant to 28 U.S.C. § 1447(c). Alternatively, if the Court determines that jurisdiction is appropriate in this Court, defendant moves for a stay of this Court's determination of the federal issues until after the New York State Court has divided the Mongelli's marital assets in accordance with state law. Plaintiff joins defendant in these motions. The intervenor opposes these mo-

tions. For the reasons that follow, the motion to remand is granted. The application for costs of removal is denied. The alternative application for a stay is denied as moot.

Also before this Court is plaintiff's motion, by order to show cause, for a preliminary injunction: (1) restraining the defendant from in any manner disposing of the proceeds from the sale of the waste hauling businesses (Round Lake Sanitation Corp., I.S.A. in New Jersey, Inc., Orange County Sanitation, Inc., Continental Technology Corp., Lake Region Service Garage Corp., and AAA Recycling Corp.), except for the payment of RICO forfeitures, fines and tax obligations for which plaintiff is also liable (as set forth in the plea agreement dated September 25, 1992) pending equitable distribution of marital assets; (2) restraining the United States of America ("United States") from executing on its civil contempt judgment against defendant by way of attachment or garnishment against any of defendant's assets including, but not limited to, defendant's share of the proceeds of the sale of the waste hauling businesses and the marital residence, pending equitable distribution of the marital assets; (3) restraining the United States from attaching, garnishing or otherwise seizing the funds payable for the support and maintenance of plaintiff and the Mongellis' unemancipated children to satisfy the civil contempt fines and tax deficiencies imposed against defendant; (4) directing the state appointed receiver and sequestrator, Arnold Mazel, Esq., to use the proceeds of two IRS refund checks totalling $111,246.26 for the payment of court-ordered maintenance and support; and (5) restraining the United States from attaching, garnishing or otherwise seizing money paid by the receiver to satisfy judgments, fines, taxes, penalties or other money owed by the parties pending a final resolution of the divorce action. Defendant has not opposed this motion. The United States, as intervenor, opposes this motion. Because the motion to remand is granted, this motion is denied as moot.

## BACKGROUND

This is a divorce action brought by plaintiff Joann Mongelli against her husband Robert A. Mongelli in the Supreme Court of the State of New York, County of New York. Justice David B. Saxe of the Supreme Court granted the United States the right to intervene in the state court action. This action was then removed by the intervenor from Supreme Court to the United States District Court, Southern District of New York.

On September 23, 1992, defendant, among others including his brother Louis and his wife Joann, entered into a plea agreement with the United States. Defendant and his brother Louis pleaded guilty to a number of federal crimes including racketeering, bribery, tax evasion and money laundering, in connection with their waste hauling business. Under the plea agreement, defendant agreed to sell his interest in the waste hauling business and to use the proceeds of that sale to satisfy a five-million dollar RICO forfeiture and certain tax deficiencies. Instead of immediately seizing the waste hauling business, the government gave the Mongelli brothers one year to find an acceptable buyer, with the brothers retaining any sale proceeds in excess of the forfeiture and deficiencies due. The Mongellis' marital residence was pledged as security for payment of the RICO forfeiture and tax deficiencies. Defendant was thereafter sentenced to a fifty-month prison term, which he began serving in May 1993.

In April 1993, prior to beginning to serve his prison term, the government obtained an order compelling defendant to testify before a federal grand jury under a grant of use immunity. Defendant refused to testify. Based on his refusal, on May 12, 1993, the District Court imposed a $4,000 per business day civil contempt fine against him. At the request of the government, on July 12, 1993, this fine was raised to $10,000 per day. The Second Circuit approved this fine order on August 23, 1993. *See United States v. Mongelli,* 2 F.3d 29 (2d Cir.1993). On October 12, 1993, the government obtained a judgment of $442,000 plus 3.34 percent per annum interest thereafter for the outstanding contempt fines as of that date. These fines continue to accumulate. The judgment was filed in the Orange County Clerk's Office on December 21, 1993.

Meanwhile, on October 1, 1993, plaintiff commenced her action for divorce by order to show cause. Plaintiff therein sought and obtained a temporary order sequestering certain of defendant's assets in order to prevent the dissipation of the marital assets that are necessary to her support and maintenance and the support of their minor children.

On October 19, 1993, the United States moved to intervene in the state court divorce action. The intervenor sought an order barring the sequestration of the assets of the defendant.

On January 11, 1994 Justice Saxe issued his ruling on the various motions. Plaintiff was awarded $4,685 per month in maintenance and $4,780 per month in child support, in addition to the middle child's college tuition and therapy costs. This award was to be paid out of the sequestered funds. Justice Saxe appointed Arnold Mazel, Esq. as receiver and sequestrator of defendant's assets. Justice Saxe also granted the motion to intervene but denied the government's motion seeking to bar the sequestration. Justice Saxe modified his previous order of sequestration—he made it permanent, but he limited the sequestration to those assets specifically enumerated in the complaint. Those enumerated assets include pension funds, cash value of life insurance, securities and other liquid assets. Justice Saxe refused to continue the temporary order requiring sequestration of "any and all" of defendants assets.

In the midst of all this activity, on December 15, 1993, the IRS issued two refund checks to defendant totalling $111,246.26. Defendant delivered these checks to the receiver. The IRS subsequently discovered that the checks were issued erroneously. Joseph Mongelli, Sr., the defendant's father, repaid the IRS. The plaintiff wants these funds currently on deposit with the receiver to remain sequestered to satisfy Justice Saxe's January 11, 1994 order for support and maintenance. The Mongellis also maintain that the assets sequestered by Justice Saxe are assets that accumulated during their twenty-six year marriage and are the only assets available for plaintiff's support and maintenance and the support of the minor children.

On January 21, 1994, the United States removed the divorce action to this Court. On February 17, 1994, pursuant to 28 U.S.C. section 3205, the United States obtained a Writ of Garnishment directing the receiver to withhold and retain any property in which the defendant has a substantial non-exempt interest, until further order of this Court.

## DISCUSSION

### A. Applicable Legal Standards in Motions to Remand

Section 1447(c) of Article 28 of the United States Code ("U.S.C.") provides that "[i]f at anytime before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. The Arguments

The Mongellis jointly argue that this Court should remand the action because: (1) this Court lacks jurisdiction over the subject matter of this action under the statute which the intervenor asserts as a basis for federal jurisdiction, 28 U.S.C. section 2410; (2) the United States voluntarily intervened in the state court action so it cannot then seek to remove the action to federal court; and (3) even if this Court were to find that it had jurisdiction, this Court should refrain from exercising that jurisdiction under the abstention doctrine.

The United States maintains that jurisdiction is perfectly appropriate in this Court. First, the United States maintains that this action was properly removed to federal court pursuant to 28 U.S.C. sections 2410 and 1444. This Court has jurisdiction, pursuant to 28 U.S.C. section 2410(a), over civil actions to which the United States is a party and that affect real or personal property in which the United States has a mortgage or lien interest. In such cases, the action may then be removed to this Court pursuant to 28 U.S.C. section 1444. The United States alternatively argues that this Court should

retain jurisdiction pursuant to the All Writs Act, 28 U.S.C. section 1651(a).

## C. Analysis under Section 2410

Section 2410 allows the United States to be named as a party in any civil action where the United States claims a mortgage or other lien on personal or real property. *See* 28 U.S.C. § 2410. The Mongellis contend that the United States has neither a mortgage nor a lien interest entitling it to remove the action. The United States, on the other hand, argues that the removal was proper because of its interest in defendant's sequestered assets.

■ By its own terms and as interpreted by the courts, section 2410 does not confer jurisdiction on this Court unless the United States has a lien interest in the property that is the subject matter of the divorce action. *See* 28 U.S.C. § 2410(a). *See also Brewer v. United States,* 764 F.Supp. 309, 314 (S.D.N.Y.1991). The United States' interest in this action that motivated the intervention and ultimately the removal is a pecuniary interest in the funds and other personal property sequestered in the divorce action. None of the assets sequestered is real property. Therefore, the only interest that the United States has in this divorce action that may possibly confer jurisdiction on this Court is a potential lien on defendant's personal property.

■ The Mongellis first urge that state law governs the issue of whether the United States has a lien on which to base jurisdiction for removal. The Supreme Court has held that "if state law characterizes a lien as inchoate, that characterization is conclusive on the federal courts." *United States v. Pearson,* 258 F.Supp. 686, 690 (S.D.N.Y. 1966). *See United States v. Security Trust & Savings Bank,* 340 U.S. 47, 50, 71 S.Ct. 111, 113, 95 L.Ed. 53 (1950). The Mongellis argue that under the applicable state law, the United States has no lien or cognizable mortgage against the property that is the subject matter of the action. Under New York law, a judgment creditor does not obtain a lien merely by obtaining a judgment. A judgment lien is created when a writ of execution is delivered to the sheriff. *See Corwin Con-*

*sultants, Inc. v. Interpublic Group of Cos., Inc.,* 375 F.Supp. 186, 194 (S.D.N.Y.1974), *reversed on other grounds,* 512 F.2d 605 (2d Cir.1975). *See also Knapp v. McFarland,* 462 F.2d 935, 938 (2d Cir.1972) (to enforce a judgment as a lien on personal property, the judgment creditor must, after docketing the judgment, deliver a writ of execution to the sheriff for levy).

■ In this case, the United States has not attempted to collect on the civil contempt fines. Nor has it delivered an executed judgment to the sheriff. As a result, under New York law the United States does not possess a lien because it never delivered a writ of execution to the sheriff as required. Therefore, because there is no lien or mortgage as required by section 2410, the Mongellis argue that this Court lacks subject matter jurisdiction over the action, removal was therefore improper, and the case must be remanded under 28 U.S.C. section 1447(c). The United States proffers no contrary argument under New York law. This Court agrees with the Mongellis that, under New York law, the United States, as judgment creditor, has no lien interest in the property that is the subject matter of the action sufficient to confer jurisdiction under 28 U.S.C. section 2410.

■ The United States contends, on the other hand, that federal law applies and under federal law it does have a lien on the property that is the subject matter of the action. Specifically, the United States argues that it has a lien pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. section 3201, because it filed the civil contempt judgment in Orange County. 28 U.S.C. section 3201 provides that a "judgment in a civil action shall create a lien on all real property of a judgment debtor on filing a certified copy of the abstract of the judgment ..." In addition, pursuant to the plea agreement, the government argues that it holds a security interest in certain bank and financial institution deposits, in real property, and in other tangible assets belonging to defendant.

The Mongellis urge that these arguments are also without merit. While the Mongellis adamantly contend that state law applies and

that there is no lien under state law, the Mongellis also argue that even if federal law were to apply, the United States still would not possess a lien sufficient to create jurisdiction in this Court. Section 3201, on which the United States relies, applies to real property only. The Mongellis point out that none of the sequestered assets that are the subject matter of this action, out of which the United States intends to satisfy its judgment, is real property. Therefore, section 3201, even if it did apply, does not create jurisdiction in this Court because it applies to real property only. This Court agrees that section 3201 by its terms explicitly applies to real property only. None of the sequestered assets that motivated the United States to intervene and remove the action is real property. Therefore, section 3201 fails to confer jurisdiction on this Court. Moreover, the security interest created by the plea agreement is likewise insufficient under section 2410 to confer jurisdiction. A security interest is not the equivalent of a lien. Under both state and federal law arguments, this Court lacks subject matter jurisdiction over the action. Unless the All Writs Act, the United States' alternative argument, confers jurisdiction on this Court, this case must be remanded.

### D. *Analysis under the All Writs Act*

■ The United States alternatively argues that the All Writs Act, 28 U.S.C. § 1651(a) ("All Writs Act"), creates jurisdiction within this Court. The All Writs Act provides in relevant part as follows:

> The Supreme court and all the courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The Supreme Court "has repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in the exercise of jurisdiction otherwise obtained." *United States v. New York Telephone Co.*, 434 U.S. 159, 172, 98 S.Ct. 364, 372, 54 L.Ed.2d 376 (1977); *accord United States v. International Brotherhood of*

*Teamsters*, 907 F.2d 277, 280 (2d Cir.1990), *aff'g* 728 F.Supp. 1032, 1043–48 (S.D.N.Y.). The judicial power of the All Writs Act extends to persons who were not parties to the original action but are now in a position to frustrate the implementation of a court order. *See New York Telephone*, 434 U.S. at 174, 98 S.Ct. at 373.

The Second Circuit has upheld district court All Writs Act orders. In *Yonkers Racing Corp. v. Yonkers*, 858 F.2d 855, 864 (2d Cir.1988), the Second Circuit affirmed the District Court's direction to defendant to remove the case in order to protect a desegregation consent decree. *See also International Brotherhood of Teamsters*, 907 F.2d at 280; *In re Baldwin–United Corp.*, 770 F.2d 328, 334–38 (2d Cir.1985).

■ The United States contends that an All Writs Act order retaining jurisdiction in this Court is warranted to prevent further interference with Judge Broderick's contempt order and the plea agreement entered into in this case. The United States urges that the Mongellis are in a position to frustrate the contempt order of Judge Broderick and therefore this Court should retain jurisdiction so as to minimize possibly inconsistent rulings.

The Mongellis, on the other hand, vehemently oppose reliance on the All Writs Act to confer jurisdiction on this Court. The Mongellis point out that the All Writs Act must be invoked only as a last resort—it is not a "catch-all" statute granting jurisdiction when all else fails. *See Yonkers Racing Corp.*, 858 F.2d at 861.

The Court agrees with the Mongellis that the limited circumstances in which the All Writs Act may be used are not present in this case. In the state action, Justice Saxe has made it clear that he is fully aware of the United States' pecuniary interest in this action. Justice Saxe granted the United States' motion to intervene to protect that very right. Justice Saxe has shown no inclination to ignore the contempt order of Judge Broderick. Thus, this Court declines to rely on the All Writs Act to confer jurisdiction on itself. As a result, this Court lacks subject matter jurisdiction over the divorce action.

Because this Court has decided that jurisdiction is inappropriate under 28 U.S.C. section 2410 and under the All Writs Act, removal was likewise inappropriate under 28 U.S.C. section 1444. The motion to remand the action must therefore be granted pursuant to 28 U.S.C. section 1447(c). Section 1447(c) grants this Court discretion to award costs of removal when remand is ultimately required. The application for costs of removal is denied. The application for a stay is denied as moot.

### E. *The Preliminary Injunction*

Because this Court has decided to remand this action for lack of subject matter jurisdiction, plaintiff's motion for a preliminary injunction must be denied as moot. This Court lacks jurisdiction over this action.

### CONCLUSION

For the foregoing reasons, the motion to remand is granted. This case is hereby remanded to Supreme Court of the State of New York, County of New York. The Court directs the Clerk of Court to close this case and remove it from the active docket. The application for costs of removal is denied. The application for a stay of determination of the federal issues is denied as moot. The application for a preliminary injunction is also denied as moot.

**SO ORDERED.**