UNITED STATES of America, Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., Defendants.

No. 88 Civ. 4486 (DNE).

United States District Court, S.D. New York.

Aug. 26, 1996.

## AMENDED OPINION & ORDER [1]

EDELSTEIN, District Judge:

This opinion emanates from the voluntary settlement of an action commenced by plaintiff United States of America ("the Government") against, *inter alia,* defendant International Brotherhood of Teamsters ("the IBT" or "the Union") and the IBT's General Executive Board. The settlement is embodied in the voluntary consent order entered March 14, 1989 ("Consent Decree"). The goal of the Consent Decree is to rid the IBT of the hideous influence of organized crime through a two-phased implementation of the Consent Decree's various remedial provisions. In the first phase of the Consent Decree, these provisions provided for three court-appointed officers: the Independent Administrator ("IA") to oversee the Consent Decree's provisions, the Investigations Officer to bring charges against corrupt IBT members, and the Election Officer to supervise the electoral process that led up to and included the 1991 election for IBT International Union Office. In the second phase of the Consent Decree, the IA was replaced by a three-member Independent Review Board ("IRB").

During its more than seven-year history, the Consent Decree has spawned a tremendous amount of litigation that has required this Court to issue numerous opinions. In one of those opinions, pursuant to this Court's authority under the All Writs Act, 28 U.S.C. § 1651(a), this Court enjoined "all local unions, joint councils, area conferences, and other entities subordinate to or affiliated with the IBT, and any members, officers, representatives, agents and employees of the IBT or any such IBT affiliated entity, from filing or taking any legal action that challenges, impedes, seeks review of or relief from, or seeks to prevent or delay any act of any of the court officers appointed by this Court pursuant to the Consent Order in this

action, in any court or forum in any jurisdiction except this Court[.]" December 15, 1989, Order at 3; *see also United States v. International Bhd. of Teamsters [All Writs Act Decision],* 728 F.Supp. 1032 (S.D.N.Y.), *modification denied,* 735 F.Supp. 502 (S.D.N.Y.), *aff'd,* 907 F.2d 277 (2d. Cir.1990).

Currently pending before Judge Andersen in the Northern District of Illinois is a suit brought by the IBT to enjoin certain actions taken by Local Union 714 of the IBT ("Local 714" of "the Local") in response to the IBT's attempt to impose an emergency trusteeship upon the Local. *International Bhd. of Teamsters v. Local Union 714 of the IBT,* 96 Civ. 4903 (N.D.Ill.) (WRA) ("Local 714 Case"). After being informed of this action by the United States Attorney for the Southern District of New York ("the Government") and reviewing the facts underlying this action, this Court finds that: (1) the Local 714 Case is properly within the jurisdiction of this Court; (2) the All Writs Act empowers this Court to enjoin the parties to the Local 714 Case from pursuing any further legal action regarding this case in any forum other than this Court; (3) the Local 714 Case falls squarely within the four corners of this Court's All Writs Act Decision; and (4) the Local 714 Case should be transferred immediately to this Court for all further matters.

### FACTS

The Local 714 Case is an action to enforce an emergency trusteeship imposed by the IBT over Local 714 upon the recommendation of the Independent Review Board of the IBT. Pursuant to the authority vested in the IRB by the IBT Constitution and the Consent Decree, the IRB issued an investigative report detailing evidence of wrongdoing at Local 714, and recommending that IBT General President Ron Carey place the Local in trusteeship. (Verified Complaint for Enforcement of Emergency Trusteeship, *International Bhd. of Teamsters v. Local Union 714,* 96 Civ. 4903 (N.D.Ill.) (Aug. 8, 1996), at 8 ("Verified Complaint").) Pursuant to the IRB Rules approved by this

---

**1.** This Amended Opinion & Order replaces the Opinion & Order in this case issued on August 23, 1996.

Court, *United States v. International Bhd. of Teamsters [IRB Rules]*, 829 F.Supp. 602 (S.D.N.Y.1993), the IRB required the IBT and its General President to report on action taken pursuant to this recommendation within two weeks. (Verified Complaint at 9.) Effective August 8, 1996, General President Carey imposed an emergency trusteeship over Local 714, and issued a notice to the officers and members of Local 714, stating the reasons for the imposition of the trusteeship. *Id.* In response to the General President's actions, Local 714, its officers, agents, and employees refused to recognize the trusteeship and to cooperate with the trustee appointed to oversee the trusteeship. *Id.* at 10. Local 714 maintains that the IBT's actions violate the IBT Constitution and the LMRDA, 29 U.S.C. §§ 462, 464. (Defendants' and Counter–Plaintiff's Motion for Leave to File a Counterclaim, *International Bhd. of Teamsters v. Local Union 714*, 96 Civ. 4903 (N.D.Ill.) (Aug. 22, 1996).) On August 9, 1996, the IBT brought a motion for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) in the Northern District of Illinois, seeking to enjoin Local 714 from refusing to cooperate with the IBT. Judge Andersen granted plaintiff's motion that day, Temporary Restraining Order, *International Bhd. of Teamsters v. Local Union 714*, 96 Civ. 4903 (N.D.Ill.) (Aug. 9, 1996), and on August 19, 1996, Judge Andersen renewed the Temporary Restraining Order until August 29, 1996. Order, *International Bhd. of Teamsters v. Local Union 714*, 96 Civ. 4903 (N.D.Ill.) (Aug. 19, 1996).

These events came to this Court's attention yesterday, August 22, 1996, during an unrelated hearing regarding the Consent Decree. Today, August 23, 1996, this Court received a letter from the office of the United States Attorney for the Southern District of New York, expressing the Government's concerns "that such litigation will subvert the jurisdiction of the Court monitoring the Consent Decree and will interfere with the authority and actions of the officers appointed pursuant to the Consent Decree." (Letter from Assistant United States Attorney Karen B. Konigsberg to the Honorable Wayne R. Andersen, United States District Court Judge for the Northern District of Illinois, at 1 (Aug. 23, 1996).) Following receipt of this letter, this Court received a telephone call from Judge Andersen. Judge Andersen informed this Court that he had been authorized by the parties in the Local 714 Case to contact this Court regarding the case and its relation to the Consent Decree. This Court informed Judge Andersen that this Court believed that the Local 714 Case implicated the Consent Decree, that this Court had jurisdiction over the Local 714 Case pursuant to the All Writs Act, 28 U.S.C. § 1651, and that pursuant to this Court's All Writs Act Decision, the Local 714 Case should be transferred to this Court immediately. This Court further informed Judge Andersen that a written opinion and order regarding these decisions would follow.

## DISCUSSION

■ This Court retains jurisdiction over matters arising under the Consent Decree. Order, *United States v. International Bhd. of Teamsters*, 88 Civ. 4486, ¶¶ A.1, K.16 (March 14, 1989) ("Consent Decree"); *United States v. International Bhd. of Teamsters [Darrow]*, 896 F.Supp. 1339, 1343 (S.D.N.Y.1995). In aid of this Court's jurisdiction, this Court enjoined "all local unions, joint councils, area conferences, and other entities subordinate to or affiliated with the IBT; and any members, officers, representatives, agents and employees of the IBT or any such IBT affiliated entity, from filing or taking any legal action that challenges, impedes, seeks review of or relief from, or seeks to prevent or delay any act of any of the court officers appointed by this Court pursuant to the Consent Order in this action, in any court or forum in any jurisdiction except this Court[.]" December 15, 1989, Order at 3; *see also All Writs Act Decision*, 728 F.Supp. 1032. In the All Writs Act Decision, this Court cited three reasons why such actions must be brought before this Court: (1) "there exists a significant risk of subjecting the Consent Decree to inconsistent interpretations and the Court officers to inconsistent judgments," which "would encourage forum shopping by subordinate entities seeking a sympathetic ruling," *All Writs Act Decision*, 728 F.Supp. at 1047; (2) "wide-

spread litigation across the country would subvert the reform bogging the Court officers down in duplicative, harassing, and perhaps frivolous litigation," *id.;* and (3) "judicial economy demands that similar issues not be litigated multiple times in different districts...." *Id.* at 1048.

On appeal, the Second Circuit affirmed this Court's ruling. Quoting the Supreme Court, the Second Circuit explained that "the All Writs Act empowers courts to issue extraordinary writs 'as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued.'" *United States v. International Bhd. of Teamsters [All Writs Act Affirmance],* 907 F.2d 277, 280 (2d Cir.1990) (quoting *United States v. New York Tel.,* 434 U.S. 159, 172, 98 S.Ct. 364, 372, 54 L.Ed.2d 376 (1977)). The Second Circuit held that this Court "acted well within its authority under the All Writs Act" in enjoining all members and affiliates of the IBT from litigating issues related to the Consent Decree in any court other than the Southern District of New York, and specifically accepted this Court's reasons for doing so. *Id.* at 280–81. Finally, the Second Circuit rejected appellants' claim that this Court lacked personal jurisdiction over them both because "[i]njunctions may be issued against non-parties under the All Writs Act," and because "the All Writs Act requires no more than that persons enjoined have the 'minimum contacts' that are constitutionally required under due process." *Id.* at 281 (quotations and citations omitted). Subsequent to the Second Circuit's All Writs Act Affirmance, this Court has issued other orders enjoining parties from pursuing suits that implicated the Consent Decree in other courts. *United States v. International Bhd. of Teamsters [Erbacci],* 911 F.Supp. 743 (S.D.N.Y.1996); *Darrow,* 896 F.Supp. 1339.

In the Local 714 Case, plaintiff IBT imposed an emergency trusteeship on Local 714 pursuant to a recommendation of the IRB, pursuant to the rules that govern the IRB. *United States v. International Bhd. of Teamsters [IRB Rules Decision],* 829 F.Supp. 602 (S.D.N.Y.1993). According to the IRB Rules, following this referral the IBT "shall promptly undertake whatever action is ap-

propriate under the circumstances to resolve the referred matter, as provided by the IBT Constitution, applicable law, and these Rules," and "shall resolve the referred matter within the time prescribed by the IRB...." *Id.* at 605, (Rule I.5.) The IRB Rules further mandate that "the IRB shall monitor all matters that it has referred for action," and "may also direct the Chief Investigator to ensure that the IBT entity resolves a referred matter in a lawful and responsible manner." *Id.*

The IRB and the IRB Rules were established with this Court's approval pursuant to specific provisions of the Consent Decree. Consent Decree, ¶ G. Consequently, any actions taken by the IRB, or by the IBT upon recommendation of the IRB, not only implicate the Consent Decree, but also are crucial to the Consent Decree's effectiveness. Accordingly, this Court finds that the actions taken by the IBT in the instant case implicate the Consent Decree.

■ Similarly, Local 714's challenges to the IBT's actions in the Local 714 case implicate the Consent Decree. Local 714's contention that the IBT's imposition of trusteeship over Local 714 violates both the IBT Constitution and the LMRDA challenges the IRB's authority to "monitor all matters that it has referred for action," and to "direct the Chief Investigator to ensure that the IBT entity resolves the referred matter in a lawful, responsible, and timely manner." *IRB Rules,* 829 F.Supp. at 605 (Rule I.5). Any action that challenges or weakens the ability of the IRB to perform the duties imposed upon it by the Consent Decree clearly implicates the Consent Decree and endangers the purposes for which it was created—namely, eradicating the influences of corruption and organized crime from the IBT. Accordingly, this Court finds that Local 714's challenge to the IBT's decision to impose a trusteeship over Local 714 implicates the Consent Decree.

As previously explained, this Court found that its original All Writs Act Decision was necessary for three reasons. Each of these reasons compels this Court to enjoin the parties in the Local 714 Case. First, "there exists a significant risk of subjecting the

Consent Decree to inconsistent interpretations and the Court Officers to inconsistent judgments," which "would encourage forum shopping by subordinate entities seeking a sympathetic ruling," *All Writs Act Decision,* 728 F.Supp. at 1047. Although this Court is confident that Judge Andersen is capable of properly adjudicating the instant case, the need for consistency among Consent Decree case law demands that all Consent Decree litigation be brought in one Court—the Southern District of New York.

Second, "widespread litigation across the country would subvert the reform bogging the Court officers down in a duplicative, harassing, and perhaps frivolous litigation." *Id.* If the Local 714 Case remains in the Northern District of Illinois, the IBT and IRB will face prolonged litigation in a distant judicial district. Moreover, this Court is aware of recent challenges in federal district courts in Texas and Pennsylvania to trusteeships that have been imposed by the IBT on IBT locals. The time and effort required to pursue countrywide litigation regarding the Consent Decree would hinder both the IBT and IRB's ability to perform their respective disciplinary and remedial duties under the Consent Decree.

Third, this Court's All Writs Act Decision was designed to promote judicial economy, and judicial economy is best served by enjoining the parties in the Local 714 Case. "Because this Court has overseen the Consent Decree from its inception, this Court has thorough knowledge of the myriad decisions that make up the law of this case." *Darrow,* 896 F.Supp. at 1345. In fact, just yesterday, this Court heard argument regarding an almost identical dispute over the imposition of an emergency trusteeship by the IBT on an IBT Local in Texas. *See* August 22, 1996, Hearing, *International Bhd. of Teamsters v. Local Union 745 of the IBT,* 96 Civ. 6328 (DNE). Consequently, interests of judicial economy militate in favor of adjudicating the Local 714 Case in this Court.

Because this Court finds that the Local 714 Case implicates the Consent Decree, this Court holds that: (1) the All Writs Act confers jurisdiction over this Court to adjudicate this case; (2) this Court's All Writs Act Decision requires that the Local 714 Case be adjudicated in this Court; and (3) this case should be transferred immediately to this Court.

### CONCLUSION

IT IS HEREBY ORDERED THAT plaintiffs in *International Bhd. of Teamsters v. Local Union 714 of the IBT,* 96 Civ. 4903 (N.D.Ill.) (WRA) are enjoined from pursuing that action in any court or forum in any jurisdiction except this Court.

IT IS FURTHER ORDERED THAT the case *International Bhd. of Teamsters v. Local Union 714 of the IBT,* 96 Civ. 4903 (N.D.Ill.) (WRA) be transferred to this Court immediately.

SO ORDERED.