**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., Defendants.**

**In re JOINT APPLICATION PURSUANT TO PARAGRAPH 16 OF THE MARCH 14, 1989, CONSENT DECREE.**

No. 88 Civ. 4486 (DNE).

United States District Court, S.D. New York.

Sept. 10, 1996.

*AMENDED ORDER* [1]

EDELSTEIN, District Judge:

WHEREAS on March 14, 1989, this Court approved a consent order (the "Consent Decree") that settled the claims of plaintiff the United States of America (the "Government") against, *inter alia*, defendant International Brotherhood of Teamsters ("IBT"); and

WHEREAS the Consent Decree provides that this Court retains jurisdiction to supervise the implementation of the Consent Decree and the activities of the officers appointed pursuant to the Consent Decree, Consent Decree, ¶ A.1; and

WHEREAS on January 17, 1990, this Court ordered that all members and affiliates of the IBT are enjoined from litigating issues related to the Consent Decree in any court or forum other than this Court, *United States v. International Bhd. of Teamsters [All Writs Act Decision]*, 728 F.Supp. 1032 (S.D.N.Y. 1990); and

WHEREAS in the *All Writs Act Decision*, this Court cited three reasons why all Consent Decree related litigation must be brought before this Court: (1) "there exists a significant risk of subjecting the Consent Decree to inconsistent interpretations and the Court officers to inconsistent judgments," which "would encourage forum shopping by subordinate entities seeking a sympathetic ruling"; (2) "widespread litigation across the country would subvert reform bogging the Court officers down in duplicative, harassing, and perhaps frivolous litigation"; and (3) "judicial economy demands that similar issues not be litigated multiple times in different districts," *id.* at 1047–48; and

WHEREAS the Second Circuit affirmed this Court's *All Writs Act Decision,* holding that this Court "acted well within its authority under the All Writs Act" in enjoining all members and affiliates of the IBT from litigating issues related to the Consent Decree in any court other than this Court, and specifically accepted this Court's three reasons for doing so, *United. States v. International Bhd. of Teamsters [All Writs Act Affirmance]*, 907 F.2d 277, 280–81 (2d Cir.1990); and

WHEREAS the injunction contained in this Court's *All Writs Act Decision* "channels all litigation by affiliates relating to the Consent Decree into the federal court that has jurisdiction over the Consent Decree"—the Southern District of New York, *All Writs Act Affirmance,* 907 F.2d at 280; and

WHEREAS "[t]his injunction does not purport to resolve challenges to the authority of the court-appointed officers or to purported amendments to the IBT Constitution," nor does it resolve any "question concerning the meaning or effect of the Consent Decree but simply determines that those issues must be litigated in the Southern District of New York," *id.;* and

WHEREAS despite the clear language of both this Court's *All Writs Act Decision* and the Second Circuit's *All Writs Act ·Affirmance,* the IBT, its members, and affiliates continue to attempt to pursue litigation that arises under or implicates the Consent Decree in courts other than this Court, *see, e.g., Powers v. International Bhd. of Teamsters,* Civ. No. 3:96 Civ. 616 (D.Conn.); *Tusino v. International Bhd. of Teamsters,* No. 96–40056–NMG (D.Mass.); and

WHEREAS in fact, this Court recently was informed of three actions, initiated either by the IBT or by IBT local unions, that concern disciplinary actions taken by the IBT

---

1. This Amended Order replaces the Order in this case regarding the Joint Application of the Government and the IBT Pursuant to Paragraph 16 of the March 14, 1989, Consent Decree, issued December 13, 1995.

pursuant to recommendations of the Independent Review Board of the IBT ("the IRB"), and that were filed in courts other than this Court, *see Local Union 745 v. International Bhd. of Teamsters,* Civ. No. 3:96–CV–2356–D (N.D.Tex.) (SAF); *International Bhd. of Teamsters v. Local Union 714 of the International Bhd. of Teamsters,* 96 Civ. 4903 (N.D.Ill.) (WRA); *International Bhd. of Teamsters Local 107 v. International Bhd. of Teamsters,* 96 Civ. 5633 (E.D.Pa.) (HB); and

WHEREAS this Court has expended a great deal of its limited time and resources resolving various jurisdictional challenges to these three cases, enjoining the parties in each of these cases from pursuing their respective litigations in any court other than this Court, and ordering that each of these cases be transferred immediately to this Court, *see* Opinion & Order, *United States v. International Bhd. of Teamsters [Local 107 Application],* 939 F.Supp. 280 (S.D.N.Y. 1996); *International Bhd. of Teamsters v. Local Union 745,* 938 F.Supp. 1186 (S.D.N.Y. 1996); *United States v. International Bhd. of Teamsters [Local 714 Injunction],* 938 F.Supp. 1178 (S.D.N.Y.1996); *United States v. International Bhd. of Teamsters [Local 714 Transfer],* 938 F.Supp. 1174 (S.D.N.Y. 1996); and

WHEREAS under the *All Writs Act Decision,* the IBT and its members and affiliates must bring all litigation relating to the Consent Decree in the federal court that has jurisdiction over the Consent Decree—the Southern District of New York, *All Writs Act Affirmance,* 907 F.2d at 280; and

WHEREAS the IBT filed the recent litigation concerning IBT Local Union 714 in the Northern District of Illinois in order to prevent Local 714 from resisting disciplinary actions taken by the IBT pursuant to its duties under the Consent Decree, following a recommendation made by the IRB pursuant to its authority under the Consent Decree, *Local 714 Transfer,* 938 F.Supp. at 1175–76; and

WHEREAS because the Local 714 litigation relates to and implicates the Consent Decree, and because the IBT initiated the Local 714 litigation in a court other than this Court, this Court finds that the IBT defied the clear language of this Court's *All Writs Act Decision* by filing the Local 714 case in the Northern District of Illinois; and

WHEREAS this Court finds that such direct defiance of an order of this Court is an invitation to sanctions; and

WHEREAS IBT Local 745 and IBT Local 107 filed their respective litigations against the IBT in the Northern District of Texas and Northern District of Pennsylvania in order to prevent the IBT from taking disciplinary action against them pursuant to the IBT's duties under the Consent Decree, following a recommendation made to the IBT by the IRB pursuant to the IRB's authority under the Consent Decree, *Local Union 745,* 938 F.Supp. at 1189; *Local 107 Application,* 939 F.Supp. at 281–82; and

WHEREAS because the Local 745 litigation and the Local 107 litigation relate to and implicate the Consent Decree, and because Local 745 and Local 107 initiated their respective suits in courts other than this Court, this Court finds that both Local 745 and Local 107 defied the clear language of this Court's *All Writs Act Decision* by filing their respective cases in the Northern District of Texas and the Eastern District of Pennsylvania; and

WHEREAS this Court finds that such direct defiance of an order of this Court is an invitation to sanctions; and

WHEREAS the Local 107, Local 714, and Local 745 cases reveal that despite the clear language of this Court's *All Writs Act Decision* and the Second Circuit's *All Writs Act Affirmance,* additional procedural mechanisms are necessary in order to ensure that the IBT, its members and affiliates comply with this Court's *All Writs Act Decision* and the Second Circuit's *All Writs Act Affirmance;* and

WHEREAS the IBT and the Government, in order vigilantly to protect the integrity of the Consent Decree, applied to this Court to

insure that both the IBT and the Government as parties to the Consent Decree receive notice of any litigation that is related to the Consent Decree, and that the IRB and the Election Officer receive notice of any litigation before the Court that is related to their jurisdiction, authority, actions or operation under the Consent Decree; and

WHEREAS this Court finds that it is crucial to the success of the Consent Decree that the Government and the IBT promptly receive notice of any and all litigation pending before any court in any jurisdiction that relates to, arises under, or implicates the Consent Decree; and

WHEREAS this Court also finds that it is crucial to the success of the Consent Decree that the IRB and the Election Officer promptly receive notice of any and all litigation pending before any court in any jurisdiction that is related to their jurisdiction, authority, actions or operation under the Consent Decree; and

WHEREAS this Court finds that the joint application of the Government and the IBT is consistent with the three reasons why this Court issued the *All Writs Act Decision:* (1) preventing forum shopping; (2) protecting the Court officers from duplicative, harassing, and frivolous litigation; and (3) promoting judicial economy, *All Writs Act Decision,* 728 F.Supp. at 1047–48;

IT IS THEREFORE ORDERED THAT in any litigation pending before any court in any jurisdiction that relates to, arises under, or implicates the Consent Decree in which the IBT or any International Officer of the IBT is named as a party and the Government is not, the IBT shall promptly give notice to the Government of the pending action and shall cause copies of all orders issued by the court, all schedules agreed to by the parties or adopted by the .court, and all papers regarding the litigation to be provided to the Government. The Government shall make submissions to the court in connection with such litigation; and

IT IS FURTHER ORDERED THAT in any litigation pending before any court in any jurisdiction that relates to, arises under, or implicates the Consent Decree in which

the Government is named as a party and the IBT or any International Officer of the IBT is not, the Government shall promptly give notice to the IBT of the pending action and shall cause copies of all orders issued by the court, all·schedules agreed to by the parties or adopted by the court, and all papers regarding the litigation to be provided to the IBT. The IBT shall make submission to the court in connection with such litigation; and

IT IS FURTHER ORDERED THAT in any litigation pending before any court in any jurisdiction that relates to or challenges the jurisdiction, authority, actions, or operation of the IRB or the Election Officer in which the IBT (or any International Officer of the IBT) and/or the Government is a named party but the IRB or the Election Officer is not, the Government, if named as a party, or the IBT, if the Government is not named as a party, shall promptly notify the IRB or the Election Officer of the action. The IRB or the Election Officer shall have the right to require that the parties to the litigation serve the IRB or the Election Officer with copies of all orders issued by the court, all schedules agreed to by the parties or adopted by the court, and all papers regarding the litigation. The IRB or the Election Officer shall make submissions to the court in connection with such litigation; and

IT IS FURTHER ORDERED THAT in any litigation pending before any court in any jurisdiction that relates to, arises under, or implicates the Consent Decree in which the IRB or Election Officer is a named party but in which neither the Government nor the IBT is a named party, the IRB or the Election Officer shall promptly give notice to the Government and the IBT of the pending action and shall cause copies of all orders issued by the court, all schedules agreed to by the parties or adopted by the court, and all papers regarding the litigation to be provided to the Government and the IBT. The Government and the IBT shall make submissions to the court in connection with such litigation; and

IT IS FURTHER ORDERED THAT whether or not the IBT or the Government is named in a pending litigation, upon discovering that a pending litigation relates to the

**228**

Consent Decree, the IBT or the Government shall promptly give notice to the other party of the pendency of the action and, if requested by the other party, shall cause copies of all orders issued by the court, all schedules agreed to by the parties or adopted by the court, and all papers regarding the litigation that are in its possession to be provided to the other party; and

IT IS FURTHER ORDERED THAT notice to the Government in accordance with this order shall mean notice to the Office of the United States Attorney for the Southern District of New York, 100 Church Street, 19th Floor, New York, New York, 10007, with an indication that the matter concerns, is related to, or arises under the Consent Decree and/or *United States v. International Bhd. of Teamsters,* 88 Civ. 4486 (DNE); and

IT IS FURTHER ORDERED THAT nothing in this Order shall prevent the Government or the IBT from applying to intervene in any action relating to the Consent Decree or prevent this Court from ordering that the Government or the IBT be joined in the litigation pursuant to the Federal Rules of Civil Procedure; and

IT IS FURTHER ORDERED THAT nothing in this Order shall limit the obligations of any person or entity (including but not limited to the signatories of the Consent Decree and IBT members and affiliates) under the Consent Decree and this Court's *All Writs Act Decision;* and

IT IS FURTHER ORDERED THAT any and all notification regarding litigation that relates to, arises under, or implicates the Consent Decree must be made promptly following the filing of such litigation.

SO ORDERED.