**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Louis MONGELLI and Robert Mongelli,**
**Defendants–Appellants.**

**Nos. 2281, 2282, Dockets 93–6190, 93–6192.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 10, 1993.

Decided Aug. 23, 1993.

Michael L. Tabak, Sr. Litigation Counsel, White Plains, NY (Mary Jo White, U.S. Atty., S.D.N.Y., New York City and Nelson W. Cunningham, Asst. U.S. Atty., of counsel), for plaintiff-appellee.

Herald Price Fahringer, New York City (Diarmuid White, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, Andrew Lawler, of counsel), for defendant-appellant Louis Mongelli.

Benjamin Brafman, New York City, for defendant-appellant Robert Mongelli.

Before: WINTER, MINER, and WALKER, Circuit Judges.

PER CURIAM:

Louis Mongelli and Robert Mongelli appeal from Judge Broderick's order of July 12, 1993, denying their motion to terminate fines for civil contempt and granting the government's motion to increase those fines.[1] In a

---

1. Appellants have requested that all papers in this appeal be sealed. The government asks for

unsealing of its brief and the continued sealing of the appendices. It requests that appellants'

separate proceeding, appellants pled guilty and were sentenced to prison terms for racketeering, bribery, tax offenses, and money-laundering in connection with their waste-carting business. After the district court entered a compulsion order granting them immunity, appellants refused to testify before a grand jury as to the role of others in these crimes. The district court imposed fines of $4,000 per business day for civil contempt pursuant to 28 U.S.C. § 1826 (1988). Appellants paid the fines from May 14, 1993 until July 9, 1993. On July 12, 1993, the district court denied appellants' motion to eliminate the contempt fines and granted the government's motion to increase those fines to $10,000 per day. Appellants were granted a stay of these fines pending appeal. We lifted the stay after oral argument and now affirm the order of the district court.

Appellants claim that the size of the fines are so great that they are no longer solely coercive but have become punitive. They claim further that the fines violate the excessive fines clause, U.S. Const. amend. VIII, the double jeopardy clause, U.S. Const. amend. V, and the putative rationale of this court's cases limiting both criminal and civil contempt sanctions.

These arguments are meritless. Cases concerning civil forfeiture following criminal conviction, such as *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), are inapposite. Unlike coercive fines, civil forfeitures do not attempt to secure compliance with a court order by the defendant, and the defendant cannot avoid paying by compliance. In the instant matter, appellants need only appear before the grand jury and testify to avoid the payments they consider excessive. Fines against a municipality, *see United States v. City of Yonkers*, 856 F.2d 444 (2d Cir.1988), *rev'd on other grounds sub nom. Spallone v. United States*, 493 U.S. 265, 110 S.Ct. 625, 107 L.Ed.2d 644 (1990), are distinguishable because municipal budgets diffuse the cost among parties who cannot cause compliance with the court order. Fines against individu-

als, however, impose responsibility on those with the power to comply.

Moreover, because the fines in the instant matter are not punitive in nature, they do not implicate the protection of the double jeopardy or excessive fines clauses. *See United States v. 38 Whalers Cove Drive, Babylon, New York*, 954 F.2d 29, 35 (2d Cir.), *cert. denied sub nom. Levin v. United States*, —— U.S. ——, 113 S.Ct. 55, 121 L.Ed.2d 24 (1992); *City of Yonkers*, 856 F.2d at 459. The Supreme Court's decisions in *Halper* and *Austin v. United States*, —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), do not alter this result, as both of those cases are consistent with the proposition that a defendant must make a threshold showing of "punishment" before these constitutional protections will attach. Similarly, *United States v. Twentieth Century Fox Film Corp.*, 882 F.2d 656 (2d Cir.1989), *cert. denied*, 493 U.S. 1021, 110 S.Ct. 722, 107 L.Ed.2d 741 (1990), is inapplicable because it concerns the level of fines necessary to warrant a jury trial in a criminal case.

Our precedents in no way set a ceiling, save for the case of municipalities, *see Yonkers*, on fines for civil contempt. It may be that fines levied upon an individual who lacked access to any funds would be considered punitive because they could not coerce, but appellants do not fit that description. They are individually wealthy and have access to family funds as well. That the fines may, if appellants continue to refuse to testify, exhaust these funds hardly renders the fines punitive because the threat of impoverishment may be necessary to coerce appellants into testifying.

Appellants argue finally that their fears of retribution from organized crime figures about whom they might be called to testify are grounds to terminate the fines. However, appellants argued this before the district court, which carefully considered the argument and found the fines appropriate. In *Simkin v. United States*, 715 F.2d 34 (2d Cir.1983), we held that district judges have "virtually unreviewable discretion" as to the

---

brief, which contains an item of grand jury information, be redacted and unsealed. We unseal the government's brief but allow all other papers

to be sealed. We also use the appellants' names rather than John Doe # 1 and # 2 because they were held in contempt in an open proceeding.

levying of civil contempt sanctions, *id.* at 38, and we find no abuse of discretion in the instant matter.

We affirm.