■ In the Matter of CHELSEA INN CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL,

Respondent, and DAVID GLASSER, Intervenor-Respondent. [759 NYS2d 659] —Judgment, Supreme Court, New York County (William McCooe, J.), entered March 13, 2002, which denied petitioner landlord's application to annul the determination of respondent State Division of Housing and Community Renewal (DHCR) granting the tenant's petitions for administrative review, revoking the Rent Administrator's orders that had denied the tenant's rent overcharge complaints, and dismissing the overcharge complaints, unanimously affirmed, without costs.

DHCR's dismissal of the tenant's overcharge complaints was rationally based on the settlement agreement that petitioner and the tenant entered into while the matter was pending before the Rent Administrator (*see Matter of Firstmark Dev. Co. v New York State Div. of Hous. & Community Renewal*, 283 AD2d 274, 277-278 [2001]). The record shows that the tenant submitted this agreement to the Rent Administrator at his first opportunity, and that petitioner was then given a full and fair opportunity to address the agreement, but did not. Thus, DHCR properly refused to consider the various arguments that petitioner subsequently raised on the petition for administrative review challenging the validity of the agreement (*see Matter of DiMaggio v Division of Hous. & Community Renewal*, 248 AD2d 533, 534-535 [1998]). We note that the issue of whether respondent Glasser has the right to remain in the premises rent-free was not, and in any event should not, have been resolved by DHCR. Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Marlow, JJ.