**In re: SPECIAL COUNSEL INVESTIGATION**

No. 04–MS–296, 04–MS–379, 04–MS–407.

United States District Court,
District of Columbia.

June 28, 2005.

Skadden, Arps, Slate, Meagher & Flom LLP, Robert S. Bennett, Saul M. Pilchen, N. Nathan Dimock, Washington, Cahill Gordon & Reindel LLP, Floyd Abrams, Donald J. Mulvihill, Susan Buckley (served via e-mail as well), Joel Kurtzberg, Brian Markley, New York, NY, for Judith Miller.

Gibson, Dunn & Crutcher LLP, Theodore J. Boutrous, Jr., Miguel A. Estrada, Thomas H. Dupree, Jr., Fried, Frank, Harris, Shriver & Jacobson LLP, Richard A. Sauber, Michael J. Anstett, Washing-

ton, DC, for Matthew Cooper, and Time, Inc.

### GOVERNMENT'S MEMORANDUM IN OPPOSITION TO "JOINT MOTION FOR SCHEDULING CONFERENCE"

PAUL F. HOGAN, Chief Judge.

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL COUNSEL, respectfully submits this Memorandum in Opposition to the "Joint Motion for Scheduling Conference" filed by Judith Miller, Matthew Cooper, and Time Inc. As set forth below, Special Counsel opposes the motion to the extent that it seeks (a) the setting of a briefing schedule regarding issues related to the contempt orders previously issued by this Court; and (b) bail for Miller and Cooper, and a stay of the Court's order requiring the payment of fines as to Time Inc., while movants present, and the Court considers, such matters. Special Counsel does not oppose the scheduling of a hearing, and has been advised that this Court has scheduled the hearing for June 29, 2005 at 4:00 p.m.[1]

### ARGUMENT

As the Court is aware, Miller, Cooper and Time, Inc. ("Time") were found to be in civil contempt and ordered confined by Orders of this Court dated October 7, 2004 (regarding Miller) and October 13, 2004 (regarding Cooper and Time). With the consent of Special Counsel, this Court granted bail pending appeal to Cooper and Miller, and stayed the contempt fines against Time pending appeal. Bail pending appeal was granted pursuant to 28 U.S.C. § 1826(b).

After the Court of Appeals for the District of Columbia Circuit affirmed this Court's contempt orders, bail pending appeal was extended through movants' petition for rehearing *en banc* by the appellate court, and through movants' petitions for writs of certiorari. While the movants' appeals were pending, the grand jury's term (which was to expire in May 2005) was extended until late October 2005 when it will finally expire. On Monday, June 27, 2005, almost nine months after the entry of this Court's contempt orders, the Supreme Court denied movants' petitions for writs of certiorari. By their terms, this Court's orders granting bail, and staying the payment of fines, expire at such time as the appellate court issues its mandate pursuant to FRAP 41(d)(2)(D).

The "Joint Request" asserts that the movants wish to formally present legal arguments and information which movants claim, due to the passage of time, call into question the Court's previous findings of contempt, as well as arguments and information relevant to "whether 'suitable' confinement is now appropriate (and if so what form it should take)." The proposed order submitted with the Joint Request implicitly seeks a stay of the Court's final orders by providing that "Ms. Miller and Mr. Cooper will remain on bail and that the payment of a fine by Time Inc. will remain stayed until the Court orders otherwise."

### Reconsideration

The Joint Request does not specify the arguments or information the movants wish to present, and does not identify any statute or legal authority that would allow this Court to reconsider its previous or-

---

1. This motion is filed under seal pursuant to this Court's previous orders. However, Special Counsel respectfully requests that movants' "Joint Request" and this opposition be unsealed as there is no interest requiring sealing in contravention of the public's right to know.

ders or grant a stay. However, in a press release issued by Time Inc., Time stated:

We believe that changes in the status of the Special Prosecutor's investigation and intervening guidance from the Court of Appeals on evidentiary privileges under federal common law merit ... a reassessment. Statements from the Special Counsel's office suggest his investigation has changed substantially since last summer, when he presented secret evidence to the district court. There is reason to believe, for example, that the Special Counsel may have determined that disclosure of Valerie Plame's identity to Robert Novak did not violate the Intelligence Identities Protection Act. If that is correct, his desire to know the sources for a subsequent article by Mr. Cooper and others, that appeared on Time.com, may be solely related to an investigation into whether witnesses made false statements during the course of his investigation into this non-crime. Such an investigation of obstruction of justice or perjury may not rise to the level that justifies disclosure of information from or about a reporter's confidential sources under federal common law.

See TimeInc. Statement, available at *http://biz.yahoo.com/prnews/ 050627/ nym165.html?.v=36*

■ Neither the decision of the Court of Appeals, nor developments in the Special Counsel's investigation warrant reassessment, even if reconsideration by the district court at this juncture were permissible. First, the decision of the Court of Appeals did not hold that there is a federal common law privilege and did not make any holding regarding the contours of any such privilege. Rather, as Judge Henderson's controlling opinion stated,

Because my colleagues and I agree that any federal common-law reporter's privilege that may exist is not absolute and

that the Special Counsel's evidence defeats whatever privilege we may fashion, we need not, and therefore should not, decide anything more today than that the Special Counsel's evidentiary proffer overcomes any hurdle, however high, a federal common-law reporter's privilege may erect.

*In re: Grand Jury Subpoena, Judith Miller,* 397 F.3d 964, 982 (D.C.Cir. 2005)(Henderson, J., concurring). Thus, the Court of Appeals did not provide any guidance concerning the common law but only echoed this Court's conclusion that the Special Counsel's *ex parte* evidentiary submission would be able to meet even the most of stringent of balancing tests. *See In re Special Counsel Investigation,* 332 F.Supp.2d 26, 31 (D.D.C.2004).

Second, there has been no change of circumstances related to the investigation. To address the example in the Time statement, the issue of whether evidence of a crime supported disclosure was raised by movants and considered by both this Court and the Court of Appeals. Both courts found that, based on the factual record, there was sufficient evidence of criminal conduct to justify requiring disclosure by the reporters. The Special Counsel represents that his assessment of the potential criminal conduct at issue is unchanged from that contained in the *ex parte* submissions to this Court.

Even if changed circumstances did exist, reconsideration of the Court's contempt findings would not be appropriate. Given that all available appellate remedies have been exhausted, this Court's orders will become final upon the issuance of the appellate court's mandate. Thus, this Court's determinations that movants are in civil contempt of court, that Miller and Cooper should be confined, and that Time Inc. should be required to pay fines until such time as the contempt has been

purged, are all final.[2] Accordingly, and because the time for a motion for reconsideration has long since expired, there is no procedural mechanism by which this Court properly may reopen or reconsider these issues. Thus, excluding matters directly related to the implementation of this Court's final orders (which we suggest should be addressed at the June 29, 2005 hearing), any motion requesting reconsideration is untimely and without merit.

 Moreover, there is no legal basis upon which this Court may grant bail, or stay fines, after the issuance of the appellate court's mandate. The Court's judgment was based on 28 U.S.C. § 1826, the statute that governs proceedings related to recalcitrant witnesses who refuse to testify before the grand jury. That statute provides that a recalcitrant grand jury witness shall be admitted to bail *"pending the determination of an appeal taken by him from the order of his confinement"* unless "it appears that the appeal is frivolous or taken for delay." 28 U.S.C. § 1826(b)(emphasis added). However, the statute contains no provision that allows bail *after* appeal, and there is no other authority for granting bail after an order of contempt has become final through the exhaustion of all available appeals. Likewise, neither the statute nor any other legal authority provides for staying an order imposing a fine that has been affirmed and become final. Therefore, Special Counsel cannot, and does not, consent to the entry of an order by the Court granting an indefinite stay of this Court's previous orders for the purpose of allowing the Court to consider an untimely motion for reconsideration.

Accordingly, the conference scheduled for June 29, 2005 should not be confined to scheduling matters, or to the movants' request for reconsideration. Rather, the Court and parties should first address whether Miller and Cooper still intend not to testify in the face of final court orders, and whether Miller, Cooper and Time still intend not to produce the appropriate documents pursuant to this Court's final orders. If and only if movants still intend to defy the court's orders, the parties should proceed directly to the movants' requests for bail and a stay and the right to revisit matters already finally resolved. Special Counsel respectfully suggests that such requests should be denied.

### Coercive Remedies

The issue of appropriate coercive remedies should be addressed at the June 29, 2005 hearing. First, Time and the Special Counsel should be heard as to the amount of the fine to be imposed on Time in light of the factors set forth by the Supreme Court in *United States v. United Mine Workers of America,* 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947); *see also In re Grand Jury Witness,* 835 F.2d 437 (2d Cir.1987); *United States v. Mongelli,* 2 F.3d 29, 30 (2d Cir.1993)(noting the district court's virtually unreviewable discretion in affirming civil contempt sanctions of $10,000 per day imposed upon individuals of means).

 Special Counsel notes that none of the respondents may lawfully fail to comply with the Court's orders. Specifically, Time, as well as its controlling officers, have no legal right to defy a final court order, and an officer failing to take steps

---

**2.** At the hearing on the government's motion to hold Cooper and Time in contempt on August 6, 2004, the amount of the fine to actually be imposed if Time persisted in contempt was left open with Special Counsel indicating that the amount could be "argued

later." The Court ordered a fine in the amount of $1,000 per day, terming it "symbolic of a penalty for a large corporate enterprise like Time magazine ..." and noting that such a fine provided a "vehicle ... to appeal this finding of contempt."

to have the corporation comply could be punished by contempt. *See Electrical Workers Pension Trust v. Gary's Electrical Service Inc.*, 340 F.3d 373, 382 (6th Cir.2003)(holding that the district court had the authority to hold corporate officer in contempt where officer "either 'prevent[ed] compliance or fail[ed] to take appropriate action within [his] power for the performance of the corporate duty' ")(quoting *Wilson v. United States,* 221 U.S. 361, 376, 31 S.Ct. 538, 55 L.Ed. 771 (1911)). Accordingly, Special Counsel respectfully requests that the Court direct that Time be in a position to produce the subpoenaed documents at the Wednesday court conference if, as we respectfully suggest is appropriate, the Court determines after addressing the issues raised by the parties that no stay of the final orders is appropriate. Special Counsel further respectfully requests that the Court direct that, if for any reason Time intends to assert that it is not prepared to produce the subpoenaed documents on Wednesday even if no relief is granted by the Court, the Chief Executive Officer ("CEO") of Time, Inc. must attend the proceeding, so that (i) the CEO can explain to the Court the manner in which Time's officers and/or directors purport to have authorized Time to act contrary to law; and (ii) the Court can direct the CEO of Time to comply with this Court's order upon pain of contempt.

Second, Miller and Cooper should be heard as to any application they wish to make as to the conditions of confinement while they persist in refusing to comply with the final orders of the Court. The position of the Special Counsel is that both reporters should be confined in a federal detention facility, so as to produce the coercive effect contemplated 28 U.S.C. § 1826.

### CONCLUSION

The Special Counsel seeks to bring the ongoing investigation, which he began in December 2003, to as swift a conclusion as possible. By fall 2004, the Special Counsel's investigation was for all practical purposes complete except for the testimony of petitioners. The unsuccessful negotiations with the reporters and the litigation on the motions to quash and the contempt citations began prior to the fall of 2004, and have proceeded in the months since, though the Special Counsel has endeavored to expedite the proceedings to the extent possible. Now that the reporters' appeals have been exhausted, the Special Counsel respectfully requests that this Court enforce its previous orders, so that the investigation may be brought to a prompt conclusion for the benefit of the citizens of the United States.

### JOINT REQUEST FOR SCHEDULING CONFERENCE

*New York Times* reporter Judith Miller, *Time Magazine* reporter Matthew Cooper, and Time Inc., through undersigned counsel, respectfully jointly request a scheduling conference in the above-captioned case. We were informed this morning that the Supreme Court has denied petitions for certiorari filed by Ms. Miller, Mr. Cooper, and Time Inc. The purpose of the requested scheduling conference is to address, in a deliberate and orderly fashion, issues relative to the timing, briefing, and means by which this matter may be handled further by this Court once the mandate issues from the U.S. Court of Appeals. That mandate has been stayed by order dated April 27, 2005, pending Supreme Court review.

This Court's finding of contempt was entered on October 7, 2004 as to Ms. Miller, and on October 13, 2004 as to Mr. Cooper and Time, Inc. Given the passage of time since then, and the presence of facts that may be pertinent to either those findings or whether "suitable" confinement

is now appropriate (and if so what form it should take), we believe it is appropriate to discuss at a scheduling conference a reasonable briefing schedule for submittals to the Court on these issues. The scheduling conference sought here also would provide the forum to set a date for a hearing at which time relevant legal arguments and information, including personal and medical considerations, could be formally presented to the Court for consideration.

WHEREFORE, we respectfully request that the Court grant our request for a scheduling conference. We respectfully request that the conference be held on Wednesday, June 29, 2005, or at the Court's convenience. An appropriate order to this effect is attached.

### ORDER

Upon consideration of Judith Miller, Matthew Cooper and Time Inc.'s Joint Request for Scheduling Conference, it is hereby **ORDERED** that counsel and the Court will convene in chambers on _____, 2005 at ___ o'clock. It is further **ORDERED** that Ms. Miller and Mr. Cooper will remain on bail and that the payment of a fine by Time Inc. will remain stayed until the Court orders otherwise.

**SO ORDERED.**

### ORDER

It is hereby

**ORDERED** that a scheduling conference shall occur Wednesday, June 29, 2005 at 4:00 p.m. in open court. All parties and counsel shall be present to discuss setting dates in the immediate future for a hearing regarding the Orders of Contempt previously issued by the Court.

**SO ORDERED.**