■ In the Matter of 900 WEST END AVENUE TENANTS ASSOCIATION et al., Respondents, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, and ATLANTIC REALTY APARTMENTS Co., LLC, Intervenor-Appellant. [862 NYS2d 38]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered January 8, 2007, which granted the petition to annul the determination of respondent Division of Housing and Community Renewal (DHCR) granting intervenor Atlantic Realty (landlord) major capital improvement (MCI)

rent increases, unanimously reversed, on the law, without costs, the petition denied, DHCR's determination reinstated and confirmed, and the proceeding dismissed.

In a January 2000 order, DHCR's Rent Administrator granted landlord's application to substitute security services for those provided by five elevator operators. The order granted permission to replace two manually operated elevators with automatic units on condition that landlord install security cameras, a telephone system and storage lockers, which "installations" would not qualify for MCI rent increases. Tenants brought a petition for administrative review (PAR), which DHCR's Deputy Commissioner denied, finding the conditions imposed by the Rent Administrator to comprise an adequate substitution of services and noting the absence of any basis for addressing MCI increases with respect to the elevator upgrade.

After completion of the project, landlord applied for an MCI rent increase for its "non-conversion related costs of the elevator upgrade" (viz., the cost of replacing old elevator components that had outlived their useful, 75-year life span). By order dated June 29, 2004, the Rent Administrator denied the application, reasoning that the original January 2000 order barred any MCI rent increases in connection with the elevator replacement project. Landlord filed a timely PAR, and in a December 2004 order and decision, the agency reversed the Rent Administrator's determination. The Deputy Commissioner ruled that the January 2000 order's proscription against MCI increases was limited to the listed "installations," that is, "telephone based intercom system, video surveillance system, and locked cabinet."

Tenants commenced this CPLR article 78 proceeding challenging the Deputy Commissioner's disposition. They argued, as they do on appeal, that MCI rent increases were addressed by the Rent Administrator's January 2000 order, barring further consideration of such rent increases by DHCR. By stipulation of the parties, the matter was remanded to the agency, resulting in a third order by the Deputy Commissioner that affirmed his December 2004 decision, ruling that it was consistent with agency precedent and rejecting tenants' contention that stare decisis required DHCR to uphold the Rent Administrator's June 2004 order.

In vacating the Deputy Commissioner's determination, Supreme Court improperly expanded the scope of the Rent Administrator's January 2000 order to encompass elevator replacement costs. It is clear that the original order bars only MCI rent increases for items landlord was directed to install to maintain security, as reflected in both the Deputy Commis-

sioner's January 2000 order, which specifically states that it does not address the issue of MCI rent increases in connection with elevator replacement, and his subsequent December 2004 order.

DHCR's grant of landlord's MCI application has a rational basis in the record and is neither arbitrary nor capricious (*see Matter of 370 Manhattan Ave. Co., L.L.C. v New York State Div. of Hous. & Community Renewal*, 11 AD3d 370 [2004]). Moreover, the agency's interpretation of its operational practices and controlling authority is entitled to deference (*see Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]). Concur— Tom, J.P., Friedman, Nardelli, Catterson and Moskowitz, JJ.