◼ WILLOW MEDIA, LLC, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [910 NYS2d 903]—

Orders, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about May 4, 2010 and July 27, 2010, which denied the motions by plaintiffs Willow Media, LLC, Signal Outdoor Advertising, LLC, Mogul Media, Inc., Elliot Media Inc., Vector Media, LLC, Atlantic Outdoor, Inc., and Scenic Outdoor, Inc., and plaintiffs Fuel Outdoor, LLC and Marathon Outdoor, LLC, respectively, for a preliminary injunction, unanimously affirmed, without costs.

Plaintiffs failed to demonstrate "a likelihood of ultimate success on the merits" of their challenge to the subject advertising regulations (*Doe v Axelrod*, 73 NY2d 748, 750 [1988]), since they failed to show either that the regulations violated their First Amendment rights or that there was no rational basis for the regulations (*see Central Hudson Gas & Elec. Corp. v Public Serv. Comm'n of N. Y.*, 447 US 557, 566 [1980]; *see also Matter of von Wiegen*, 63 NY2d 163, 170 [1984] [applying *Central Hudson* analysis]). Plaintiffs also failed to demonstrate either the prospect of imminent and irreparable harm or the balance of equities tipping in their favor (*see Doe v Axelrod*, 73 NY2d at 750). The record contains no evidence suggesting imminent harm. Indeed, the regulations provide that plaintiffs' signs may not be removed before certain administrative procedures are followed, which in turn are subject to an appeals process (*see e.g.* Administrative Code of City of NY former § 26-261 [a] [5] [repealed and added as section 28-502.4.3 of chapter 5, "Miscellaneous Provisions" (in title 28 volume with Plumbing Code), by Local Law No. 33 (2007) of City of NY (eff July 1, 2008)]).

We have considered plaintiffs' remaining contentions and find

them without merit. Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Renwick and DeGrasse, JJ.