■ OTR MEDIA GROUP, INC., Appellant, v CITY OF NEW YORK et al., Respondents. [920 NYS2d 337]—

452

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 22, 2010, which granted defendants' motions for summary judgment dismissing the amended complaint, and denied plaintiff's motion for a preliminary injunction, unanimously affirmed, with costs.

The motion court correctly held that the subject advertising regulations that restrict outdoor advertising situated within view of arterial highways and public parks and impose substantial penalties for violations do not violate plaintiff's right to free speech under the New York State Constitution (*see* NY Const, art I, § 8). Contrary to plaintiff's contention, the New York State Constitution does not afford heightened free speech protections to commercial speech. Rather, our courts apply the four-part test articulated by the United States Supreme Court in *Central Hudson Gas & Elec. Corp. v Public Serv. Comm'n of N.Y.* (447 US 557 [1980]) to restrictions on commercial speech (*see Matter of von Wiegen*, 63 NY2d 163, 172-173 [1984], *cert denied sub nom. Committee on Professional Stds. v von Weigen*, 472 US 1007 [1985]; *Willow Media, LLC v City of New York*, 78 AD3d 596, 596 [2010]). Applying the *Central Hudson* test, we hold that the subject regulations are constitutional because they directly advance the stated governmental interests of promoting traffic safety and preserving aesthetics, and are narrowly tailored to achieve those interests.

We further hold that the subject regulations and penalty schedule do not violate plaintiff's right to equal protection (*see* NY Const, art I, § 11). The record is bereft of evidence that the City selectively enforces the regulations and penalty schedule against plaintiff and other similarly-situated outdoor advertising companies (OACs), but refrains from enforcing them against governmental and quasi-governmental entities such as the Metropolitan Transportation Authority, the Port Authority, and Amtrak. While the City concedes that it formerly exempted these entities from enforcement, it did so based on a mistaken belief that it did not have the legal authority to enforce the regulations and penalty schedule against them. The City's assertion that it fully intends to enforce the regulation is entitled to deference (*see Clear Channel Outdoor, Inc. v City of New York*, 594 F3d 94, 111 [2d Cir 2010], *cert denied sub nom. Metro Fuel LLC v New York, NY*, 562 US —, 131 S Ct 414 [2010]). In any event, plaintiff is not similarly situated to any of these entities for purposes of equal protection analysis (*see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 632 [2004]). Moreover, as noted above, the City has substantial interests in promoting traffic safety and preserving aesthetics, and the subject regulations are finely tailored to serve those interests (*see generally General Media Communications, Inc. v Cohen*, 131 F3d 273, 285 [2d Cir 1997], *cert denied* 524 US 951 [1998]; *Under 21, Catholic Home Bur. for Dependent Children v City of New York*, 65 NY2d 344, 360 n 6 [1985]).

We also find no merit to plaintiff's contention that the penalty schedule set forth in Administrative Code of the City of New York § 28-502.6 is discriminatory because it subjects OACs and non-OACs to different fines for the same conduct. Equal treatment of the two categories of business is not required because OACs and non-OACs are not similarly situated. Indeed, in contrast to OACs, non-OACs do not engage in, or hold themselves out as engaging in, the outdoor advertising business (*see* Administrative Code § 28-502.1). Furthermore, because the penalty schedule differentiates based on the type of entity that violates the regulations, rather than on the content of the advertisements, rational basis review, as opposed to strict scrutiny, applies (*see Willow*, 78 AD3d at 596). Here, it cannot be said that the disparate treatment is "so unrelated to the achievement of any combination of legitimate purposes" as to be irrational (*Affronti v Crosson*, 95 NY2d 713, 719 [2001], *cert denied sub nom. Affronti v Lippman*, 534 US 826 [2001], quoting *Kimel v Florida Bd. of Regents*, 528 US 62, 84 [2000]). Indeed, the record clearly establishes that increased penalties were necessary to deter violations by OACs in particular.

Equally unavailing is plaintiff's claim that the penalty schedule violates the Excessive Fines Clause of the New York State Constitution (*see* NY Const, art I, § 5). Because the penalties serve only a remedial purpose and are intended to secure compliance, the Excessive Fines Clause is inapplicable (*see United States v Mongelli*, 2 F3d 29, 30 [2d Cir 1993]). Even if the clause applied, the penalty schedule would not be deemed unconstitutional on its face. Indeed, the schedule does not impose fines that are "grossly disproportional to the gravity of [the] offense" (*County of Nassau v Canavan*, 1 NY3d 134, 140 [2003], quoting *United States v Bajakajian*, 524 US 321, 334 [1998]), and the alleged violators have the ability to mitigate the accrual of the fines (*see Matter of Seril v New York State Div. of Hous. & Community Renewal*, 205 AD2d 347, 347 [1994], *appeal withdrawn* 84 NY2d 1008 [1994]).

Contrary to plaintiff's contention, the New York City Charter does not prohibit the Environmental Control Board (ECB) from imposing fines that are greater than $25,000. Rather, it limits the ECB's authority to enforce final orders of more than $25,000 without court proceedings (*see* NY City Charter § 1049-a [d] [1] [g]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Abdus-Salaam, JJ.