Matter of Wages v State of N.Y. State Div. of Hous. & Community Renewal (2020 NY Slip Op 03851)





Matter of Wages v State of N.Y. State Div. of Hous. & Community Renewal


2020 NY Slip Op 03851


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Singh, González, JJ.


11780 101186/16

[*1] In re Elizabeth Wages, etc., Petitioner-Appellant,
v
State of New York State Division of Housing and Community Renewal, Respondent-Respondent.


Robert A. Katz, New York, for appellant.
Mark F. Palomino, New York (Lauren K. Lipnick of counsel), for respondent.



Judgment, Supreme Court, New York County (Lucy Billings, J.), entered March 14, 2018, denying the petition to annul a determination of respondent (DHCR), dated May 27, 2016, which denied the petition for administrative review (PAR) of an order of the Rent Administrator (RA) granting a rent increase based on major capital improvements (MCI) to the owner's building, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court correctly concluded that DHCR's grant of the owner's MCI application based on new carpeting throughout the building has a rational basis in the record and is not arbitrary and capricious (see generally Matter of 900 W. End Ave. Tenants Assn. v New York State Div. of Hous. & Community Renewal, 53 AD3d 436, 438 [1st Dept 2008]; Matter of West Vil. Assoc. v Division of Hous. & Community Renewal, 277 AD2d 111, 112 [1st Dept 2000]). Petitioner did not claim in the verified petition that the application for the carpet installation failed to satisfy any of the criteria set forth in 9 NYCRR 2522.4(a)(2)(i). DHCR also rationally concluded that the owner's misstatement in the application concerning the age of the replaced carpet did not warrant a denial of the application in this case.
The court properly declined to consider petitioner's remaining arguments. Petitioner did not claim in the verified petition that carpeting cannot qualify as an MCI, and improperly raised that issue in reply (see Matter of McClave v Port Auth. of N.Y. & N.J., 134 AD3d 435, 436 [1st Dept 2015]). Petitioner did not argue before either the RA or in the PAR that the MCI application should have been denied because the owner did not obtain a waiver of the useful life requirement as set forth in 9 NYCRR 2522.4(a)(2)(i)(d)-(e) (see Matter of Basnight v New York City Hous. Auth., 132 AD3d 549, 550 [1st Dept 2015]). Petitioner did not argue before the RA that the MCI application should have been denied because of the owner's alleged history of misconduct and because the owner allegedly caused damage to the previous carpeting, and did not establish why it could not have done so (see 9 NYCRR 2529.6; Matter of Croes Nest Realty, LP v New York State Div. of Hous. & Community Renewal, 92 AD3d 402, 403 [1st Dept 2012]; [*2]Matter of Chelsea Inn Corp. v New York State Div. of Hous. & Community Renewal, 306 AD2d 16 [1st Dept 2003]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK