Matter of Tiwari v City of New York (2021 NY Slip Op 00045)





Matter of Tiwari v City of New York


2021 NY Slip Op 00045


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Webber, J.P., Singh, Kennedy, Shulman, JJ. 


Index No. 152861/19 Appeal No. 12777 Case No. 2020-00019 

[*1]In the Matter of Krishna Tiwari, Petitioner-Appellant,
v
City of New York et al., Respondents-Respondents.


Kramer Levin Naftalis & Frankel LLP, New York (Julia A. Quigley of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Amy McCamphill of counsel), for respondents.



Judgment, Supreme Court, New York County (Carol Edmead, J.), entered on October 9, 2019, denying the petition to annul a $6,000 penalty imposed by respondent Department of Buildings (DOB), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court properly found that the minimum mandatory fine imposed by DOB pursuant to Administrative Code of City of NY § 28-213.1.2, based upon petitioner's installation of a four-by-twenty foot illuminated and cantilevered awning sign at his commercial premises without a permit, in violation of Administrative Code § 28-105.1, was not excessive. Petitioner's challenge to the penalty as violative of the constitutional prohibitions against excessive fines (see US Const, 8th Amend; NY Const, art I, § 5), is unavailing. The penalty serves a remedial, rather than punitive, purpose and is intended to "coerce compliance" (Matter of Franklin St. Realty Corp. v NYC Envtl. Control Bd., 164 AD3d 19, 30 [1st Dept 2018], affd 34 NY3d 600 [2019]; see OTR Media Group, Inc. v City of New York, 83 AD3d 451, 454 [1st Dept 2011]). Even if the penalty was punitive, it was not "grossly disproportional to the gravity of [the] offense" (see County of Nassau v Canavan, 1 NY3d 134, 140 [2003]). Contrary to petitioner's argument, the fact that, as of February 9, 2019, Local Law 28 of 2019 instituted a temporary, two-year moratorium on the issuance of violations and penalties for certain accessory signs, does not establish that the $6,000 penalty imposed on him was excessive. 
THIS CONSTITUTES THE DECISION AND ORDEROF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021