Brandner v Boricua Coll. Dev. Corp. (2022 NY Slip Op 01234)





Brandner v Boricua Coll. Dev. Corp.


2022 NY Slip Op 01234


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Webber, J.P., Kern, Moulton, González, Mendez, JJ. 


Index No. 151166/16, 595076/17 Appeal No. 15385 Case No. 2021-00182 

[*1]Susan Brandner, Plaintiff,
v
Boricua College Development Corp., etc., et al., Defendants.
The Hispanic Society Of America, Third-Party Plaintiff-Appellant,
v
Urban Arborists, Inc., Third-Party Defendant-Respondent, New York City Department of Parks & Recreation, Third-Party Defendant.


Sobel Pevzner, LLC, Huntington (David M. Goldman of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered January 15, 2021, which granted the motion of third-party defendant Urban Arborists, Inc. (Urban) for summary judgment dismissing the third-party complaint as against it, unanimously affirmed, without costs.
Urban made a prima facie showing of entitlement to summary judgment by submitting evidence that it was an independent contractor of defendant/third party plaintiff The Hispanic Society of America (Hispanic Society), which had enlarged tree wells on the sidewalk adjacent to the premises, but performed no work to the sidewalk in the area of the plaintiff's fall (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]; see also Eaves Brooks Costume Co. v Y.B.H. Realty Corp., 76 NY2d 220, 226 [1990]). It is uncontested that the defect existed prior to Urban's work and Urban did nothing to exacerbate it (see Tamhane v Citibank, N.A., 61 AD3d 571, 573 [1st Dept 2009]). It is also uncontested that nothing in the agreement provided for any continuing maintenance beyond the discrete tree well work and that Hispanic Society performed work on the location before and after the accident, which renders Hispanic Society's argument, that Urban displaced its duty or that plaintiff detrimentally relied on the agreement, unavailing (see Vushaj v Insignia Residential Group, Inc., 50 AD3d 393, 394 [1st Dept 2008]). Since Hispanic Society offered no evidence to rebut Urban's prima facie showing, the motion court was correct in dismissing the third-party complaint against Urban.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022