Matter of Windermere Props., LLC v City of New York (2024 NY Slip Op 04842)

Matter of Windermere Props., LLC v City of New York

2024 NY Slip Op 04842

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Kern, J.P., Oing, Kapnick, Kennedy, Shulman, JJ. 

Index No. 151908/22 Appeal No. 2687 Case No. 2023-03306 

[*1]In the Matter of Windermere Properties, LLC, Petitioner-Appellant,
v
City of New York, et al., Respondents-Respondents.

Petrocelli Law, PLLC, New York (Maya K. Petrocelli of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arlene P. Bluth, J.), entered February 3, 2023, denying the petition to annul determinations of the Office of Administrative Trials and Hearings (OATH), dated November 3, 2021, which denied petitioner's motions to vacate its defaults and order new hearings, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
OATH had a rational basis for denying petitioner's motions to vacate its defaults on the summonses at issue (see generally Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). Petitioner's motions, which relied on vague assertions of "law office failure" due to petitioner's unnamed general counsel's unnamed illness during unspecified dates, fell short of establishing the "exceptional circumstances" required for vacatur sought more than one year after the defaults (48 RCNY 6-21[f]; see Urban D.C. Inc. v 29 Green St. LLC, 205 AD3d 634, 634 [1st Dept 2022]).
OATH's determinations denying petitioner's motions, despite having previously granted other building owners' motions to vacate defaults on similar facts, were not irrational given that OATH acknowledged that its previous decisions were inconsistent with the challenged determination and set forth OATH's "reasons for declining to follow its rationale and conclusion" (Matter of Lantry v State of New York, 6 NY3d 49, 59 [2005]). The court properly declined to consider petitioner's argument, raised for the first time in reply, that OATH's decisions granting petitioner's other vacatur motions on identical facts made the challenged determinations arbitrary (see Matter of Wages v State of N.Y. State Div. of Hous. & Community Renewal, 185 AD3d 446, 446-447 [1st Dept 2020]).
Petitioner has not established that the default penalties it was issued violate the Excessive Fines Clause of the Federal and State Constitutions. Because OATH lacked the authority to reach the constitutional issue (see Matter of Prince v City of New York, 108 AD3d 114, 117 [1st Dept 2013]), the agency's failure to address petitioner's argument did not preclude the City from defending the constitutionality of the default penalties in this proceeding. The Excessive Fines Clause does not apply to the default penalties here because they serve the "remedial purpose" of incentivizing appearance at OATH hearings (OTR Media Group, Inc. v City of New York, 83 AD3d 451, 454 [1st Dept 2011]). Even if the default penalties were punitive, petitioner has not demonstrated that the default penalties at issue are "grossly disproportional to the gravity of [the]
offense[s]" (id. [internal quotation marks omitted]).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024